### INCONSISTENT CAUSES OF ACTION.

Court of Common Pleas of Knox County.

A. R. SCOTT v. THE FREDERICKTOWN OIL & GAS COMPANY.

Decided, February Term, 1909.

*Pleading—In an Action on an Express Contract There Can be No Recovery on Quantum Meruit.*

In a suit on an express contract a motion to strike from the petition a ground of action which is inconsistent with the allegations that the parties entered into an express contract should be sustained.

*Koons & Sons,* for plaintiff.
*Owen & Carr,* contra.

WICKHAM, J.

This case is submitted to the court on the motion to strike out of the petition certain matter designated by the motion.

The petition alleges a special contract to perform certain labor. It also says that the agreed price was the "fair, just, reasonable and customary price charged for work of that character."

The plaintiff can not plead an express contract and also seek to recover on the *quantum meruit*. The two causes of action are inconsistent.

In *Abbot* v. *Inskeep*, 29 O. S., 61, we find in the opinion this language:

"The plaintiff in his action below relied on an implied promise on the part of the defendant that he would pay the plaintiff the reasonable value of his services. The express promise contained in the agreement under which the plaintiff assumed to render the services, excludes the presumption of the implied promise relied on."

*Mehurion* v. *Stone*, 37 O. S., 49, is an authority in point; the second paragraph of the syllabus reads:

"Where a contractor agrees to furnish materials for, and erect a building in accordance with certain plans and specifica-

tions, for a sum to be paid when the building is completed, a substantial compliance with the stipulations of the contract on his part, is essential to his right to recover the agreed price or any part thereof.''

, In the opinion at page 55 we find the following language:

''Substantial completion is indispensable to the right to call upon a defendant to perform the stipulation to pay. *No recovery can be had upon a quantum meruit, because, where the contract is express, none can be implied relating to the same subject-matter.*''

In the case of *Ginther* v. *Shultz*, 40 O. S., 104, the court say:

''Taking the most favorable view for the defendant in error, there was error in the failure to state (in the charge) that a substantial compliance with the contract upon the part of Shultz was essential to his right to recover the amount of the contract price remaining unpaid, or any part thereof.'' And cite *Mehurion* v. *Stone,* 37 O. S., 49.

The motion should be sustained, because the plaintiff seeks to plead a ground of recovery that is inconsistent with the allegation that the parties entered into an express contract.

It is argued by counsel for the plaintiff that the matter could not be prejudicial if it were allowed to remain in the petition, but we think a good pleading requires that no inconsistent matter be pleaded, and that it ought not to remain in this petition on the assumption that it is not prejudicial.

Motion sustained, with exceptions. Leave given to plaintiff to amend his petition.